**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

IN RE: TERRY BALL,                                    9:22-PF-0001 (GTS)

                              **Respondent.**
_____

**GLENN T. SUDDABY, Chief United States District Judge**

<u>**ORDER TO SHOW CAUSE**</u>

   The undersigned has determined that grounds may exist to enjoin Terry Ball

("Respondent") from filing any future pleadings or documents of any kind (including

motions) in this District *pro se* without prior permission of the Chief Judge or his or her

designee.

   It is well settled that "[a] district court may, in its discretion, impose sanctions

against litigants who abuse the judicial process."  *Shafii v. British Airways, PLC*, 83

F.3d 566, 571 (2d Cir. 1996).  Where a litigant persists in the filing of vexatious and

frivolous suits, it may be appropriate to place certain limitations on the litigant's future

access to the courts.  *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005)

(citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 [2d Cir.

2005]); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits

constitutes the type of abuse for which an injunction forbidding further litigation may be

an appropriate sanction.").  Before imposing such limitations, the court should consider

the following:

      (1) the litigant's history of litigation and in particular whether it
      entailed vexatious, harassing or duplicative lawsuits; (2) the
      litigant's motive in pursuing the litigation, e.g., does the litigant
      have an objective good faith expectation of prevailing?; (3)
      whether the litigant is represented by counsel; (4) whether the

> litigant has caused needless expense to other parties or has
> posed an unnecessary burden on the courts and their personnel;
> and (5) whether other sanctions would be adequate to protect the
> courts and other parties.

*Iwachiw*, 396 F.3d at 528 (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 [2d Cir. 1986]).

Here, after carefully reviewing the record, the Court concludes that, unless he shows cause otherwise, Respondent should be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee.  A review of Respondent's litigation history on Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service reveals that, between November of 2018 and the date of this Order to Show Cause, Respondent's litigation practices have grown increasingly vexatious.

In November of 2018, Respondent filed his first civil rights complaint in this District, asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983"). *Ball v. Doe(s)*, 18-CV-1357 (DNH/DJS), Complaint (N.D.N.Y. filed Nov. 19, 2018).  On or about the same date that this Section 1983 action was commenced, Respondent filed his fifth petition for a writ of habeas corpus.  *Ball v. Superintendent*, 18-CV-1356 (BKS/CFH), Complaint (N.D.N.Y. filed Nov. 19, 2018).  On March 22, 2019, Respondent's Section 1983 action was closed. On June 27, 2019, his fifth habeas corpus petition was denied without prejudice, and the next day judgment was entered in that case. Mere weeks later, in July of 2019, Respondent commenced a second Section 1983 action.  *Ball v. Goldfar*, 19-CV-0908 (GLS/TWD), Complaint (N.D.N.Y. filed July 26, 2019).  That

action was closed on January 28, 2020.[1]

After the closure of Respondent's second Section 1983 action, he began a pattern of mailing letters to the Court.  These letters, which are largely incomprehensible, discuss various events throughout Respondent's life.  They almost never identify wrongdoing by a specific state official, are not presented as complaints (i.e., there is no caption, no named defendants, no statement of jurisdiction, and no clear description of wrongdoing), and do not appear to seek any available judicial relief (with two exceptions described below).

Initially, these letters were docketed in Respondent's closed Section 1983 actions and habeas corpus proceeding. Respondent was advised that the letters did not appear to afford a basis for judicial relief, and was provided with forms necessary to commence a new action.  However, instead of using the forms to commence a new action, Respondent continued to file letters.  As indicated above, only two of these letters could be liberally construed as complaints.

More specifically, in April of 2021, Respondent filed a letter that was liberally construed as a complaint, and a third Section 1983 action was opened.  *Ball v. Kua*, 9:21-CV-0498 (BKS/ATB), Complaint (N.D.N.Y. filed Apr. 28, 2021).  Because Respondent did not complete an application to proceed *in forma pauperis* or pay the District's filing fee, his action was administratively closed on May 20, 2021.  Moreover, although Respondent was afforded thirty (30) days to comply with the filing fee requirement, and was provided with the forms necessary for him to apply to proceed *in*

---

[1]     The Court notes that Respondent filed his first and second Section 1983 actions using form complaints.

*forma pauperis*, he neither paid the filing fee nor applied to proceed *in forma pauperis*.

In addition, on May 14, 2021, Respondent filed another letter that was liberally construed as a complaint, and a fourth Section 1983 action was opened.  *Ball v. Doe*, 9:21-CV-0561 (GTS/TWD), Complaint (N.D.N.Y. filed May 14, 2021).  Again, because Respondent did not complete an application to proceed *in forma pauperis* or pay the District's filing fee, the action was administratively closed on June 1, 2021.  Moreover, although Respondent was afforded thirty (30) days to comply with the filing fee requirement, and was provided with the forms necessary for him to apply to proceed *in forma pauperis*, he again neither paid the filing fee nor applied to proceed *in forma pauperis*

Since June 1, 2021, Respondent has filed more than 100 letters with the Clerk's Office.  Although these letter are extremely difficult to read and understand, several reference events from 1974, 1980, and/or 1983. Others discuss (1) issues phoning his mother and sister, (2) the presence of "whites in the south," (3) a woman falsely claiming to be his mother, and his desire to commence a "perjury lawsuit" against her, (4) the kidnaping of prostitutes, (5) "mental health employees" asking if he will "agree" to "a sex change" and have his "penis cut off," and (6) hearing birds "chirping all day" in his cell. Throughout this time period, Respondent has been incarcerated at Wende Correctional Facility, which is not even located within this District.

Based on the foregoing, the Court finds that the first and third factors described above (i.e., whether Respondent's litigation history as a *pro se* litigant has entailed vexatious, harassing and duplicative lawsuits and/or filings) weigh in favor of the

issuance of the filing limitation in question.

Regarding the second factor (i.e., Respondent's motive in pursuing the litigation, e.g., whether he had an objective good-faith expectation of prevailing), the Court finds that this factor weighs in favor of the issuance of the filing limitation in question. Respondent's litigation history has been rife with an intentional (or perhaps sometimes only reckless) disregard of the Court's rulings, the Federal Rules of Civil Procedure, and the District's Local Rules of Practice.

Regarding the fourth factor (i.e., whether Respondent has caused needless expense to other parties or has posed an unnecessary burden on the Court and its personnel), the Court finds that this factor weighs in favor of the issuance of the filing limitation in question. By continuing to intentionally (or recklessly) file the above-referenced documents, Respondent has demanded the rather-constant attention of the District Judge and his/her law clerk, and a staff attorney and paralegal in the Clerk's Office, who have had to spend time thoughtfully responding to his filings and/or managing his cases.

Finally, regarding the fifth factor (i.e., whether other sanctions would be adequate to protect the courts and other parties), the Court renders the same finding. The Court cannot conceive of any other sanctions (such as a warning or monetary sanction) that would be adequate to protect the Court and other parties from Respondent's continued vexatiousness.  Because Respondent appears to be without sufficient funds to pay the Court's filing fees, monetary sanctions would be inappropriate. Moreover, Respondent has continued his course of improper filings even after learning of their impropriety.

5

Notwithstanding the support for an anti-filing injunction in this circumstance, fairness dictates that Respondent be given notice and an opportunity to be heard.  *See Iwachiw*, 396 F.3d at 529.  As a result, he shall have fourteen (14) days from the date of this Order to show cause, *in writing*, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee (except pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed).

**ACCORDINGLY**, it is

**ORDERED** that Respondent shall, within **FOURTEEN (14) DAYS** of the date of this Order, show cause, *in writing*, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in the Northern District of New York *pro se* without prior permission of the Chief Judge or his or her designee (except pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed);[2] and it is further

---

[2]       In addition, nothing in the injunction would (1) hinder Respondent's ability to defend himself in any criminal action brought against him, or bring a habeas corpus action, or (2) limit his access as a plaintiff to any court other than the United States District Court for the Northern District of New York.  However, the injunction would apply to, among other things, continued filings of documents by Respondent as a *pro se* plaintiff in the following actions: (1) an action opened by him in this Court through the filing of a complaint, a motion, an application, or any other means; (2) an action opened by him in another federal district court and transferred to this Court, when that action clearly should have been venued in this District, *see In re: Leon R. Koziol,* 15-AF-0005, Order, at 2-3 & n.2 (N.D.N.Y. filed Dec. 19, 2019) (Suddaby, C.J.) (collecting cases); and (3) an action opened by him in state court and removed to this Court by any party, when that action was laden with federal claims (especially claims based on grounds previously trodden by Respondent in this Court, and asserted against defendants who had been previously sued by him in this Court on similar grounds), *see In re: Leon R. Koziol,* 15-AF-0005, Order, at 2-5 & nn.3 (N.D.N.Y. filed Dec. 19, 2019) (Suddaby, C.J.) (collecting cases).

**ORDERED** that, if Respondent does not fully comply with this Order, the Court will issue a subsequent order, without further explanation, permanently so enjoining Respondent; and it is further

**ORDERED** that the Clerk shall provide a copy of this Order to Respondent by regular mail.

Dated:       March 9, 2022
             Syracuse, New York


Hon. Glenn T. Suddaby
Chief U.S. District Judge